UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

GEORGE HALDES,

Appellant,

v.

BURLING DICKENS SHEFFIELD ESTATE INVESTORS, LLC
Appellee.

ON APPEAL FROM THE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Appeal Case No. 15-cv-03775, Bankruptcy Case No. 12-20050

**DISMISSAL AGREEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023**

ARIEL WEISSBERG
WEISSBERG AND ASSOCIATES, LTD.
401 S. LaSalle, Suite 403,
Chicago, IL 60605
(312) 663-0004

1

## DISMISSAL AGREEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 8023

On this ___ day of August, 2015, Appellant, George Haldes ("G. Haldes"), Sharon Haldes ("Sharon Haldes") and Appellee, Burling Dickens Sheffield Estate Investors, LLC ("Burling Dickens') agreed as follows:

### RECITALS

**A.** On or about April 23, 2010, G. Haldes and Sharon Haldes (the "Haldes") executed a promissory note in favor of Burling Dickens' predecessor in interest, Bridgeview Bank Group (the "Note"). The Note was secured by a senior mortgage (the "Mortgage") against the property commonly known as 2540 North Burling Avenue, Chicago, Illinois (the "Property").

**B.** On February 26, 2012, the Haldes defaulted on their obligations under the Note by failing to make the required monthly payment.

**C.** On April 23, 2012, the Note matured and the entire indebtedness became immediately due and payable.

**D.** On May 16, 2012, G. Haldes, filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Northern District of Illinois.

**E.** On or about March 27, 2013, Bridgeview Bank Group assigned its loan documents, including, but not limited to the Note and Mortgage to Burling Dickens.

**F.** On July 11, 2013, Burling Dickens obtained a money judgment against S. Haldes in the Circuit Court of Cook County in the amount of $1,814,146.64 ("Judgment"). The Judgment is secured by the Property.

G.   On October 1, 2014, Sharon Haldes filed for Chapter 11 bankruptcy protection.

H.   On November 5, 2014, the Bankruptcy Court dismissed Sharon Haldes bankruptcy petition as a bad-faith filing and barred S. Haldes from re-filing for bankruptcy for 180 days.

I.   On December 18, 2014, Sharon Haldes filed a quiet title action against the Property ("Quiet Title Action").

J.   On June 4, 2015 the Honorable Diane J. Larsen dismissed the Quiet Title Action.

K.   On March 9, 2015, the Honorable Janet S. Baer entered an order (1) lifting the automatic stay; (2) voiding all provisions of G. Haldes' bankruptcy plan regarding or relating to Burling Dickens or the Property; (3) declaring that no sale or transfer of the Property had occurred; and (4) declaring that Burling Dickens' Mortgage, Note and all other loan documents shall remain in full force and effect.

L.   On March 31, 2015, Burling Dickens filed a foreclosure action in the Circuit Court of Cook County pending before the Honorable Allen P. Walker, Case No., 15 CH 5319 ("Foreclosure Action").

M.   On April 29, 2015, G. Haldes filed a Notice of Appeal of Judge Baer's March 9, 2015 order, which is currently pending before the Honorable Amy J. St. Eve, Case No. 15-cv-03775 ("Appeal").

N.   On July 2, 2015, the Haldes filed their Answer in the Foreclosure Action, and on July 17, 2015, Burling Dickens moved for the entry of a Judgment of Foreclosure and Sale.

O. On August 11, 2015, the Haldes and Burling Dickens entered into a written settlement agreement appended hereto as Exhibit 1 ("Settlement Agreement"). The Settlement Agreement provides a deadline of August 14, 2015 to fund a settlement from the Haldes to Burling Dickens in the amount of $2,000,000.00.

P. The parties wish to dismiss, with prejudice, the instant appeal. In exchange for the Haldes' agreement to dismiss the appeal, with prejudice, Burling Dickens will agree to amend and modify the Settlement Agreement to provide that the deadline for the Haldes to pay the settlement sum of $2,000,000.00 is August 26, 2015.

NOW THEREFORE, for valuable consideration, including the foregoing recitals which are made a part hereof and other consideration, the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. The instant appeal is dismissed, with prejudice, pursuant to Federal Rule of Bankruptcy Procedure 8023.

2. Burling Dickens agrees that the Settlement Agreement is amended and modified to provide that the deadline for the Haldes to pay the settlement sum of $2,000,000.00 is August 26, 2015.

3. All other terms and conditions of the Settlement Agreement shall remain unamended and in full force and effect.

IN WITNESS WHEREOF, the parties have here unto set their hands and seals:

Dated: 8/13/____, 2015          GEORGE HALDES, individually

                                By: _____

4

Dated: 8/13, 2015          **SHARON HALDES**, individually

By: /s/ Sharon Haldes

Dated: 8/14, 2015          **BURLING DICKENS SHEFFIELD REAL ESTATE INVESTORS, LLC**

By: /s/ Mike Serras

Name: Mike Serras

Title: Authorized Signatory

**GEORGE HALDES**, Debtor/Appellant

By: /s/ Ariel Weissberg
    Attorney for Debtor/Appellant

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. 312-663-0004

**BURLING DICKENS SHEFFIELD ESTATE INVESTORS, LLC**, Appellee

By: /s/ Adam Rome
    Attorney for Appellee

Adam Rome, Esq.
Greiman, Rome & Griesmeyer, LLC
200 West Madison, Suite 755
Chicago, Illinois 60606
T. 312-428-2740